```
IN THE UNITED STATES DISTRICT COURT FOR
   THE SOUTHERN DISTRICT OF GEORGIA
            SAVANNAH DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.             ) | CASE NO. CR416-307 |
| ) | |
| TYRONE WILLIS, JR.,      ) | |
| ) | |
| Defendant.          ) | |
| _____) | |

### O R D E R

Before the Court is the Defendant Tyrone Willis, Jr.'s Motion to Amend/Correct Judgment (Doc. 49), which the Government opposes (Doc. 52). For the following reasons, Defendant's motion (Doc. 49) is **DISMISSED IN PART** and **DENIED IN PART**.

On January 1, 2017, Defendant pleaded guilty to possession of marijuana with intent to distribute and possession of a firearm by a convicted felon. On May 1, 2017, Defendant was sentenced to 110 months' imprisonment. (Doc. 41; Doc. 43 at 2.) The Court ordered Defendant's sentence to be served concurrently to the state probation revocation Defendant was serving in Chatham County Superior Court Docket Number CR 11-1442-J6. (Doc. 43 at 2.) Now, Defendant requests that the Court "order [his] federal sentence to run concurrently as [his] state sentence." (Doc. 49 at 1.)

The Government argues that Defendant's motion should be dismissed, in part, because this Court does not currently have authority to modify Defendant's sentence. (Doc. 49 at 2.) The

Government is correct that the Court does not have the authority to modify defendant's sentence at this time. 18 U.S.C. § 3582(c); United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."). Granting Defendant's request, however, would not require the Court to modify his current sentence. The Court already ordered that "[defendant's] sentence shall be served CONCURRENTLY to the state probation revocation he is serving in Chatham County Superior Court Docket Number CR11-1442-J6." (Doc. 43 at 2.) Even so, as the Government notes, Defendant has provided no evidence that the BOP has failed to correctly implement his sentence. (Doc. 52 at 2.) Accordingly, Defendant's motion (Doc. 49) is **DENIED**.

To the extent Defendant's motion is requesting credit for time served, it is due to be dismissed. The BOP, not the Court, possesses the authority to determine the manner in which credit for prior custody is applied toward a federal sentence. Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) ("The Attorney General—acting through the BOP—initially possesses the exclusive authority under the law of this Circuit to compute sentence credit awards after sentencing."); United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018) ("The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts."). After Defendant has fully

2

exhausted his administrative remedies with the BOP, Defendant may mount a judicial challenge to the BOP's decision by filing a civil action under 28 U.S.C. § 2241 in the district and division of his confinement. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991); United States v. Gaynor, No. CR 406-014, 2016 WL 4030076, at *1 (S.D. Ga. July 26, 2016).

Defendant alleges that he filed "an Administrative Remedy" with the BOP which was denied. (Doc. 49 at 1.) However, Defendant has not provided the Court with his administrative request or the subsequent denial. Additionally, Defendant improperly filed this motion in his criminal case, rather than in a civil action under 28 U.S.C. § 2241. United States v. Spaulding, No. CR 612-017, 2020 WL 907873, at *1 (S.D. Ga. Feb. 25, 2020) ("Regardless of any exhaustion requirements, . . . [defendant] must bring her claim for sentencing credits pursuant to 28 U.S.C. § 2241"). Accordingly, Defendant's motion (Doc. 49) is **DISMISSED** to the extent it requests credit for time served.

SO ORDERED this 9th day of November 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA